# Cases

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## January, 1882.

EDWIN DODGE, Appellant, v. NATHANIEL BERRY, Respondent.

*Ice — rights of riparian owner in ice forming in the water over his land — rights of mill owner therein.*

A mill owner, who has the right to erect a dam and flow the lands of another person for mill purposes only, does not own the ice which forms in the water over the lands of such person, and the latter may take and remove such ice unless he thereby actually and perceptibly injures the mill owner.

APPEAL from a judgment of the County Court of Tioga county, reversing a judgment of a Justices' Court in favor of the plaintiff.

*J. B. Kline,* for the appellant.

*S. D. Halliday,* for the respondent.

LEARNED, P. J.:

The plaintiff recovered in a Justice's Court six cents and costs. The County Court on appeal reversed the judgment and the plaintiff appeals. The action was for trespass on plaintiff's premises, and the bill of particulars and proof showed that the alleged trespass consisted in taking ice from a pond and in putting stumps therein.

The plaintiff is in possession of a saw and grist mill, which he has had for thirty years. Some twenty-eight years ago he built a

dam, and has used it ever since exclusively. He owns nearly al the land around the pond. But one Adams was in possession of certain land which adjoined the pond, and the line of which ran to the centre of the pond. The ice was cut over the land of which Adams had possession and by his consent. It does not appear that the stumps were put on plaintiff's land.

The plaintiff claims that a person who has the right to flow lands of another for mill purposes only, has a right to the ice which forms on the water, and can maintain trespass against a person removing the same. This the defendant denies, and this is the question discussed.

The owner of land through which a stream of water runs has a right to a just and reasonable use of it. So long as the water is not wholly obstructed or diverted, or no longer appropriation is made than a just and reasonable use, the proprietor who is lower down cannot complain. If this were not so, then there could be no use by any one of a running stream from its source to its mouth. (*Elliot* v. *Fitchburg R. R. Co.*, 10 Cush., 191.) "All that the law requires of the party by or over whose land a stream passes is that he should use the water in a reasonable manner, and so as not to destroy, or render useless, or materially diminish, or affect the application of the water by the proprietors above or below." (3 Kent's Comm., 439, 440; *Pollitt* v. *Long*, 58 Barb., 20; *Merritt* v. *Brinkerhoff*, 17 Johns., 306; *Brown* v. *Brown*, 30 N. Y., 519.) In *Elliot* v. *Fitchburg R. R.*, the court say, that "the complaint is  *  *  * for obstructing a part of the water of the stream. This is a right which each proprietor has if exercised within a reasonable limit."

The right which the riparian owner thus has may be modified, when some lower proprietor has a right to dam the stream for mill purposes; but if modified, it is not lost. Unless by some express grant or restriction to the contrary, we see no reason why the owner whose land is flowed by some dam below may not still have that just and reasonable use of the water which he would have had of the stream before the dam was built. And any use would seem to be just and reasonable which does no actual and perceptible damage to the owner below.

It was in this view that, in the case of *Cummings* v. *Barrett* (10 Cush., 186), the court intimated that a mill owner at the outlet of a

pond could not deprive any person of the right of cutting ice, without showing actual damages therefrom. And in the case of *Mill River Manufacturing Company* v. *Smith* (34 Conn., 462), which is cited by plaintiff to sustain his view, the argument of the court is based on the statement that water is sometimes scarce; that ice liquefies and becomes water; that it prevents deep freezing and consequent deprivation of water. For which reasons the court concluded that the riparian owner could not remove snow and ice from a mill pond at pleasure and as fast as they form. Thus that decision is placed on the ground that the act of removal did an actual, and not merely a constructive, injury. And the doctrine of that case, that such riparian owner cannot remove such snow and ice at pleasure and as fast as they form, is entirely consistent with the view that he may remove the ice over his land, if such removal does no actual and perceptible injury to the owner of the mill dam.

In the case of the *State* v. *Pottinger* (33 Ind., 402) it was decided that when the water of a flowing stream is congealed and forms ice, that ice, attached to the soil, belongs to the owner of the bed of the stream. If this be so, then the owner might remove it and dispose of it. Such an act would only be that just and reasonable use of the water of the stream which he might have, without doing wrong to the proprietor below him.

If, then, we apply the rule which gives to the owner of land through which a stream flows that just or reasonable use which does not actually injure the proprietor below; — if we apply this rule to the condition of things when ice has formed, we shall see that it follows that the riparian owner may take and remove the ice unless he thereby actually and perceptibly injures the proprietor below. And that same rule must apply when water has been set back by a dam. It is very plain that the ice which has formed will, in that state, be of no use in turning a mill wheel. Whether after a lapse of some months it will be of use as water, or whether it will pass over the dam in its solid state, are matters of uncertainty. Clearly without some proof of actual injury the plaintiff has no right to complain of the removal of the ice. This view was taken in the case of *Marshall* v. *Peters* (12 How., 218) where it was held that the ice in a mill pond was not the absolute property of the owner of the mill.

In the case of *Myers* v. *Whitaker* (5 Abb. N. C., 172) the ques-

tion was again examined ; and the learned justice came to a conclusion contrary to that of Judge EMOTT, in *Marshall* v. *Peters*, and contrary to that which we have above expressed. The ground of the argument is that the waters of a mill pond belong to the owner of the dam, "subject only to the exception that the beneficial enjoyment of owners below should not be interfered with, just as much as if he had gathered them for his own use and benefit into a tank or cistern." This is stated too strongly when the owner of the dam is not the owner of all the land flooded by means thereof.

The riparian owners are not, we think, deprived of their rights as such owners by the construction of a dam below them. Their right to a just and reasonable use of the water remains if it has not been actually surrendered. If any riparian owner has land covered by the pond, we see no reason why he may not take the ice from that land, unless by so doing he causes an actual injury to the owner below by materially diminishing the use of the water to which such owner is entitled. It is plain to every one that the real trouble in such cases is not that the mill owner will be injured by the removal of the ice, but that he desires to remove it himself and to make the profit of the sale. So it was in the present case, and so in the case last cited.

There may perhaps be cases and times of the year in which the removal of ice would be unjust and unreasonable to the mill owner. Nothing of that kind is shown in the present instance.

The judgment of the County Court is affirmed, with costs.

Present — LEARNED, P. J., RUMSEY and OSBORN, JJ.

Judgment of County Court affirmed, with costs.